**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2011

No. 10-41293
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO GARCIA-LOPEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-743-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Garcia-Lopez appeals his 96-month, within-Guidelines sentence, imposed following his guilty-plea conviction for illegal reentry into the United States after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) because it overemphasizes the seriousness of his prior offenses and understates his family-related motives for reentering the United States, his poverty, and his inability to speak English.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41293

Although Garcia requested to be sentenced at the low end of his advisory Guidelines sentencing range, he did not object to the reasonableness of the sentence imposed. Accordingly, the district court's sentencing decision is reviewed only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). For reversible plain error, Garcia must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes that showing, our court has discretion to correct the error, but will generally do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Because the district court imposed a sentence within Garcia's properly calculated advisory Guidelines sentencing range, it is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* (citation omitted).

Garcia does not contend that the district court improperly considered or failed to consider any specific sentencing factor. Moreover, his assertions do not establish that the district court committed any error of judgment in balancing the sentencing factors. Consequently, he has not rebutted the presumption of reasonableness attached to his within-Guidelines sentence, and, therefore, has failed to show that the district court committed error, much less plain error, in imposing his sentence. *See, e.g.*, *id.*

AFFIRMED.

2